IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL ALEXANDER BETHEA,

    Petitioner,

v.                                                   Civil Action No. 3:09cv770

DIRECTOR, DEPARTMENT OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Petitioner Michael Alexander Bethea, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Bethea challenges his conviction for robbery in the Circuit Court for the City of Alexandria Virginia ("Alexandria Conviction"). Respondent filed a Motion to Dismiss (Docket No. 12) and Rule 5 Answer (Docket No. 13), providing Bethea with appropriate *Roseboro*[2] notice (Docket No. 15). Respondent contends that the statute of limitations bars this action. Bethea has responded to the motion to dismiss, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will DENY Respondent's Motion to Dismiss (Docket No. 12) WITHOUT PREJUDICE.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

# I. Procedural History

On March 7, 2006, the Circuit Court for the City of Chesapeake sentenced Bethea to serve a term of incarceration of sixty years, with twenty-five years suspended pursuant to two convictions of robbery ("Chesapeake Convictions"). The Chesapeake Convictions are not the subject of the current Petition. Bethea brought a separate petition for writ of habeas corpus relating to the Chesapeake Convictions in this Court. *Bethea v. Dir., Dep't of Corr.*, No. 3:09cv613.

On July 27, 2006, the Circuit Court of the City of Alexandria, Virginia sentenced Bethea to serve a term of incarceration of fifteen years pursuant to a separate conviction of robbery. Bethea appealed the Alexandria Conviction. On May 18, 2007, a three-judge panel of the Court of Appeals of Virginia refused the petition for appeal. On October 2, 2007, the Supreme Court of Virginia refused Bethea's petition for appeal. *Bethea v. Commonwealth*, No. 071307 (Va. Nov. 4, 2008).

On December 20, 2007, Bethea filed a petition for a writ of certiorari ("Petition for Certiorari") in the Supreme Court of the United States.[3] The parties agree that Bethea's Petition for Certiorari referenced both the Chesapeake Convictions and the Alexandria Conviction. On October 6, 2008, the Supreme Court denied certiorari, *Bethea v. Virginia*, 129 S. Ct. 157 (2008), and it denied a petition for rehearing on December 8, 2008. *Bethea v. Virginia*, 129 S. Ct. 757 (2008).

---

[3] Respondent has not provided the Court with Bethea's records from the Supreme Court of Virginia. Accordingly, for purposes of this opinion only, the Court will rely on Respondent's representations with respect to the submissions in that court.

On September 29, 2008, Bethea filed a state habeas petition in the Supreme Court of Virginia for the Alexandria Conviction. On November 4, 2008, that court dismissed Bethea's state habeas petition. *Bethea v. Commonwealth*, No. 082031 (Va. Nov. 4, 2008). On February 5, 2009, the Supreme Court of Virginia dismissed Bethea's motion for reconsideration. *Bethea*, No. 082031 (Va. Feb. 5, 2008).

On November 2, 2009, Bethea filed his present Petition in the United States District Court for the Eastern District of Virginia.[4] Respondent argues that the Petition is barred by the statute of limitations.

## II. Analysis

### A. Statute of Limitations

Federal law imposes a one-year limitations period on state prisoners seeking to file a petition for a writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Commencement of the Limitations Period

Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing* 28 U.S.C. § 2244(d)(1)(A)). Bethea had ninety days from October 2, 2007, the date the Supreme Court of Virginia refused his petition for appeal, in which to file a petition for a writ of certiorari with the Supreme Court of the United States. Sup. Ct. R. 13.1; *see Hill*, 277 F.3d at 704 (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). Bethea's time for seeking direct review would have expired on Wednesday, January 2, 2008.[5]

### 1. Bethea's Petition Is Time-Barred if His Petition for Certiorari Did Not Incorporate the Alexandria Conviction.

Respondent contends that Bethea did not file a petition for a writ certiorari with respect to the Alexandria Conviction, and therefore, the statute of limitations began to run on January 2, 2008. Respondent asserts that Bethea's Petition for Certiorari only pertained to the Chesapeake Convictions because the Supreme Court of the United States "construed Bethea's certiorari petition to challenge the Supreme Court of Virginia's ruling on direct appeal from his Chesapeake convictions, and not his Alexandria conviction in the state court's Record

---

[5] The ninetieth and last day of the filing period would have fallen on Tuesday, January 1, 2008; however, January 1 is not included in the filing period because it is a federal legal holiday. Sup. Ct. R. 30.1; 5 U.S.C. § 6103(a). Therefore, the period would have extended until January 2, 2008, "the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed." Sup. Ct. R. 30.1.

No. 071307." (Respt.'s Br. Supp. Rule 5 Answer & Mot. Dismiss for Civil Action No. 3:09cv613, ¶ 3 n.1). As support for this conclusion, Respondent emphasizes that the docket entry for the Supreme Court of the United States's decision in denying Bethea's Petition for Certiorari only referred to "070842," which was the Docket Number for Bethea's petition for appeal in the Supreme Court of Virginia challenging his Chesapeake Convictions. However, the docket for the Supreme Court of the United States also references Rule 12.4,[6] thus supporting Bethea's position that the Petition for Certiorari involved multiple judgments.

If Bethea's Petition for Certiorari did not incorporate the Alexandria Conviction, that conviction became final on Wednesday, January 2, 2008. The statute of limitations would have run for a total of 270 days before Bethea filed his state habeas petition on Monday, September 29, 2008. Pursuant to 28 U.S.C. § 2244(d)(2), the limitation period would have tolled until the Supreme Court of Virginia denied Bethea's motion for reconsideration on Thursday, February 5, 2009. The statute of limitations would have then run for an additional 269 days until Bethea filed his federal habeas petition on Monday, November 2, 2009. The statute of limitations would have run for a total of 539 days, and Bethea's Petition would therefore be time-barred unless Bethea merits equitable tolling of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[6] United States Supreme Court Rule 12.4 reads, in relevant part, "[w]hen two or more judgments are sought to be reviewed on a writ of certiorari to the same court and involve identical or closely related questions, a single petition for a writ of certiorari covering all the judgments suffices." Sup. Ct. R. 12.4.

### 2. Bethea's Petition Is Timely if His Petition for Certiorari Did Incorporate the Alexandria Conviction.

Bethea responds that he incorporated the Chesapeake Convictions and the Alexandria Conviction into the Petition for Certiorari in accordance with Rule 12.4 of the Supreme Court of the United States. If Bethea's Petition for Certiorari incorporated the Alexandria Conviction, Bethea's conviction became final on Monday, October 6, 2008, the day the Supreme Court of the United States denied his Petition for Certiorari. Bethea filed his state habeas petition on September 29, 2008, prior to denial of his Petition for Certiorari, so the statute of limitations would not have started to run until after the Supreme Court of Virginia dismissed Bethea's motion to reconsider his state habeas petition on February 5, 2009. The statute of limitations would then have run for only 269 days until Bethea filed his federal habeas petition on Monday, November 2, 2009. This Petition would not be time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1).

### C. Respondent Fails to Carry the Burden of Establishing the Untimeliness of Bethea's Petition.

"[T]he one-year limitation period contained in § 2244(d) is an affirmative defense that the state bears the burden of asserting." *Hill*, 277 F.3d at 705. Respondent bears the burden of establishing that the statute of limitation bars Bethea's Petition. *Touchcom, Inc. v. Berreskin & Parr*, No. 1:07cv0114(JCC), 2010 WL 582173, at * 3 (E.D. Va. Feb. 12, 2010) (*citing Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *see Taylor v. Hinkle*, No. 3:08cv306, 2009 WL 604344, at *3 (E.D. Va. Mar. 6, 2009) (refusing to dismiss claims where respondent failed to carry his burden of establishing claims were barred by the statute of limitations). Respondent has made little effort to shoulder his burden of proving that, under the present circumstances,

Bethea's Petition is barred by the statute of limitations. Respondent has not directed the Court to any persuasive authority that Bethea's Petition for Certiorari, which referenced his Alexandria Conviction and Supreme Court Rule 12.4, was inadequate to forestall the commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(A). This Court cannot conclude that Bethea's present Petition is time-barred. The motion to dismiss is therefore DENIED WITHOUT PREJUDICE.

### III. Conclusion

Based on the foregoing reasons, the Court cannot conclude that Bethea's Petition is barred by the applicable statue of limitations. Respondent's Motion to Dismiss (Docket No. 12) will be DENIED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: November 12, 2010