# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MICHAEL ALEXANDER BETHEA,

    Petitioner,

v.                                            Civil Action No. 3:09cv770

DIRECTOR, DEPARTMENT OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Petitioner Michael Alexander Bethea, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition").[1] (Docket No. 1.) Bethea challenges his conviction for robbery in the Circuit Court for the City of Alexandria, Virginia. By Memorandum Opinion and Order entered on November 12, 2010, the Court denied Respondent's motion to dismiss the § 2254 Petition on the ground that it was barred by the relevant statute of limitations. *Bethea v. Dir., Dep't of Corr.*, No. 3:09cv770, 2010 WL 4702366, at *3 (E.D. Va. Nov. 12, 2010). Respondent filed a Supplemental Brief in Support (Docket No. 27) of his prior Motion to Dismiss (Docket No. 12) and Rule 5 Answer (Docket No. 13), providing Bethea with appropriate *Roseboro*[2] notice (Docket No. 28). Bethea has

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

responded to the motion to dismiss, and the matter is ripe for adjudication. Jurisdiction exists

under 28 U.S.C. §§ 636(c) and 2254.

## I.  Bethea's Claims

In his § 2254 Petition, Bethea contends that he is entitled to relief upon the following

grounds:

> Claim One    The state court lacked jurisdiction over this case because federal court has
> exclusive jurisdiction of the crime of bank robbery.
>
> Claim Two    "Denial of Due Process and Equal protection under the law."[3] (§ 2254 Pet.
> 13.)
>
> Claim Three    "Abuse of prosecutorial discretion." (§ 2254 Pet. 15.)

For the reasons set forth below, the Court concludes that Claim Three is procedurally defaulted

and Claims One and Two lack merit.

## II.  Procedural History

On January 3, 2006, a grand jury in the Circuit Court for the City of Alexandria ("the

Circuit Court") charged Bethea in a one-count indictment with the August 4, 2005 robbery of

Lena Clark, in violation of Virginia Code § 18.2-58. After a jury trial, Bethea was found guilty

of that charge. The Circuit Court sentenced Bethea to a fifteen-year term of imprisonment.

Bethea appealed. On direct appeal to the Supreme Court of Virginia, in his petition for

appeal, Bethea raised the following grounds for relief:

> I.     The Court of Appeals of Virginia erred in upholding the erroneous rulings of
> the motion court in not granting Defendant's motion to dismiss the indictment for
> lack of subject matter jurisdiction when the United States Government created

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

2

original jurisdiction for the federal courts, exclusive of the courts of the states, in cases involving bank robbery.

II.     The Court of Appeals of Virginia erred in upholding the erroneous rulings of the motion hearing judge in not granting Defendant's motion to dismiss the indictment when the federal and state prosecutors unconstitutionally arranged to deny Defendant equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and to deny Defendant due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution when the federal and state prosecutors agreed to bring the bank robbery charge in state court rather than federal court thereby increasing the potential punishment five fold.

Petitioner's Petition for Appeal, at ii, *Bethea v. Commonwealth*, No. 071307 (Va. Oct. 2, 2007) (emphasis omitted). On October 2, 2007, in a summary order, the Supreme Court of Virginia denied Bethea's petition for appeal. *Bethea v. Commonwealth*, No. 071307 (Va. Oct. 2, 2007).

Thereafter, Bethea filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that state habeas petition, Bethea asserted that he was entitled to relief upon the following grounds:

Claim 1       Virginia Article 1 Sec: 8, and U.S. Constitution 5th, 14th Amendment violation: "Due Process" requires colloquy to ascertain whether petitioner may proceed Pro se.

Claim 2       Virginia Article 1 Sec: 8, and U.S. Constitution 6 Amendment violation: Right to: "Fair Trial," and proceed pro se.

State Habeas Petition at 3, *Bethea v. Dir. Dep't of Corr.*, No. 082031 (Va. Nov. 4, 2008) (spacing corrected). On November 4, 2008, the Supreme Court of Virginia denied the petition because Bethea's claims were barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). *Bethea v. Dir. Dep't of Corr.*, No. 082031 (Va. Nov. 4, 2008).[4]

---

[4] The rule in *Slayton* bars consideration on habeas, claims that could have been, but were not raised on direct appeal. *Slayton*, 205 S.E.2d at 682.

3

## III. Exhaustion And Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105

F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

Bethea has not fairly presented Claim Three to the Supreme Court of Virginia. Were he to attempt to do so now, the Supreme Court of Virginia would find the claim barred by the rule in *Slayton*, 205 S.E.2d at 682, because the purported abuse of prosecutorial discretion could have been, but was not, raised on direct appeal. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, Claim Three is procedurally barred from review here. Bethea does not suggest that he can demonstrate cause and prejudice or that he is actually innocent of the offense for which he stands convicted. Accordingly, Claim Three will be dismissed.

## IV. Bethea's Remaining Claims

In Claim One, Bethea insists that because the robbery he committed occurred at a bank, it constitutes bank robbery and the federal courts have exclusive jurisdiction over such an offense: "In present case the Virginia Court of Appeals in its' recognition that the Federal Courts have original, and exclusive jurisdiction over Federal Offenses, disregarded Federal Congressional intent as to whether cognizability of Bank Act, 18 USC § 2113 (a) (f) (2009) is vested exclusively to the Federal Courts . . . ." (§ 2254 Pet. 7.)[6] In Claim Two, Bethea vaguely suggests his rights to due process and equal protection were violated by his prosecution in state rather than federal court for the offense he committed. Bethea insists:

> Federal Law requires that Bank Act be adjudicated by the federal courts. Jerome id., and congressional recodification of former bank jurisdictional statue establishes congress intent state proceedings to the contrary deny due process Cafeteria workers v. McElroy 367 US 886 at 894 The overall, and reqiure [sic] applicability for offense under Article 3 deprive petitioner of equal protection under the law Willbrook v. Olech 528 US 562 at 564 (2000)

---

[6] The Court has omitted the underscoring from the quotations to Bethea's submissions.

(§ 2254 Pet. 13 (all errors in original).) As both the Virginia Court of Appeals and this Court have observed, there is no merit to Bethea's assertions that the federal courts have exclusive jurisdiction over robberies occurring in Virginia banks. *Bethea v. Commonwealth*, No. 2054-06-4, at 1-3 (Va. Ct. App. Feb. 22, 2007); *Bethea v. Dir., Dep't of Corr.*, No. 3:09cv613, 2011 WL 497896, at *5 (E.D. Va. Feb. 7, 2011) (rejecting nearly identical claim).

## A.    Alleged Lack of Jurisdiction - Claim One

The federal crime of bank robbery is defined at 18 U.S.C. § 2113.[7] Congress clearly left the state courts with authority to continue entertaining prosecutions for robberies occurring within banks within their respective jurisdictions.

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

---

[7] That statute provides, in pertinent part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

18 U.S.C. § 3231. As the Virginia Court of Appeals observed, "The statute's plain language states that while the United States district courts have original and exclusive jurisdiction over offenses against federal laws, nothing divests a state court of jurisdiction over charges brought under its statutes or common law." *Bethea*, No. 2054-06-4, at 2 (*citing Bowling v. Slayton*, 344 F. Supp. 650, 653 (W.D. Va. 1972)). Bethea was convicted and sentenced pursuant to section 18.2-58 of the Virginia Code. That Code provision provides in pertinent part, "If any person commit robbery by . . . putting a person in fear of serious bodily harm, or by the threat or presenting of firearms . . . he shall be guilty of a felony . . . ." Va. Code Ann. § 18.2-58 (West 2006). Bethea has failed to demonstrate the Circuit Court lacked jurisdiction to convict him of that offense. *Bethea*, 2011 WL 497896, at *5 ("When a defendant violates both state and federal laws, either the state or the United States or both may prosecute him." (*quoting United States v. Nathan*, 202 F.3d 230, 233 (4th Cir. 2000))). Claim One will be DISMISSED.

## B.    Alleged Due Process and Equal Protection Violations - Claim Two

In Claim Two, Bethea suggests that he was somehow denied due process by his prosecution in state court, rather than in federal court, for his offense. Bethea, however, has no liberty interest in demanding prosecution in federal court.[8] As the Court of Appeals observed in rejecting this claim, "'[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act. . . . [I]n our federal system the State and Federal Governments have legitimate, but not necessarily identical, interests in the prosecution of a

---

[8] The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).

person for acts made criminal under the laws of both.'" *Bethea*, No. 2054-06-4, at 2 (*quoting Rinaldi v. United States*, 434 U.S. 22, 28 (1977)). Accordingly, Bethea's due process claim lacks merit and will be DISMISSED.

Bethea's equal protection claim is equally baseless. "To succeed on an equal protection claim, [Bethea] 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Veney v. Wyche*, 293 F.3d 726, 730-31 (4th Cir. 2002) (*quoting Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). The United States Court of Appeals for the Fourth Circuit has stated that "when deciding whether persons are similarly situated for prosecutorial decisions, we hold that defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996). Here, Bethea has failed to identify any other defendant who was similarly situated and treated differently. *See United States v. Farinacci-Garcia*, 547 F. Supp. 757, 758-59 (D.P.R. 1982). Accordingly, Claim Two will be DISMISSED.

## V. Conclusion

For the reasons stated above, Bethea's claims will be DISMISSED. The petition for writ of habeas corpus will be DENIED. This action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Bethea is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date: 6-22-11
Richmond, Virginia